# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VINH DU, derivatively on behalf of ENTEROMEDICS, INC. and individually and on behalf of himself and all other similarly situated stockholders of ENTEROMEDICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> GARY BLACKFORD, DAN W. GLADNEY, CARL GOLDFISCHER, BOBBY I. GRIFFIN, LORI C. MCDOUGAL, NICHOLAS L. TETI JR., JON T. TREMMEL, NAGEEB A. ANSARI, PETER M. DELANGE, PAUL F. HICKEY, SCOTT YOUNGSTROM, and ENTEROMEDICS, INC. <br><br> Defendants. <br><br> and <br><br> ENTEROMEDICS, INC., <br><br> Nominal Defendant. | Civil Case No. 17-cv-194-ER |

## STIPULATION OF SETTLEMENT AND COMPROMISE

A. This Stipulation of Settlement and Compromise ("Stipulation") is made and entered into as of August 13, 2018, and is intended to fully, finally, and forever resolve, discharge, and settle all claims that were or could have been brought in the above-captioned action (the "Action"). The Parties to this Stipulation are: (i) Vinh Du, derivatively on behalf of EnteroMedics, Inc.[1] ("EnteroMedics" or the "Company") and individually and on behalf of himself and all other similarly situated stockholders of EnteroMedics, Inc. ("Du" or "Plaintiff"); (ii) defendants Gary

---

[1] After this action was filed, Enteromedics, Inc. changed its name to ReShape Lifesciences, Inc.

Blackford, Dan W. Gladney, Carl Goldfischer, Bobby I. Griffin, Lori C. McDougal, Nicholas L. Teti, Jr., Jon T. Tremmel, Nageeb A. Ansari, Peter M. Delange, Paul F. Hickey, and Scott Youngstrom (the "Individual Defendants"); and (iii) nominal defendant EnteroMedics. (collectively, the "Parties").

## The Litigation

B.    On November 17, 2016, the Company filed with the U.S. Securities and Exchange Commission (the "SEC") a Schedule 14A Definitive Proxy Statement (the "Proxy") in connection with a special meeting of stockholders scheduled for December 12, 2016 (the "Special Meeting"). In Proposal No. 1 of the Proxy, the Company's Board of Directors (the "Board") sought stockholder approval of an amendment to the Company's Certificate of Incorporation (the "Certificate of Incorporation"), increasing the number of authorized shares of common stock from 150 million shares to 300 million shares (the "Authorized Share Increase"). In Proposal No. 2 of the Proxy, the Board sought stockholder approval of an amendment to the Certificate of Incorporation to effect a reverse stock split of the Company's outstanding shares of common stock at any ratio between 1-for-20 and 1-for-70 (the "Reverse Stock Split" or "RSS"). In Proposal No. 3 of the Proxy, the Board sought stockholder approval of a second amended and restated version of the Company's 2003 Stock Incentive Plan (the "Amended Plan"), a compensation plan for officers, non-employee directors, and other employees. In seeking stockholder approval of these Proposals, the Proxy represented that "the adoption of the Plan would occur prior to the implementation of the Reverse Stock Split, and consequently, the number of shares of [the Company's] common stock authorized for issuance under all stock based awards granted pursuant to the Plan will be adjusted by the Reverse Stock Split ratio selected by the Board." After stockholders approved the Proposals, the Board implemented a Reverse Stock Split at a 1-for-70

ratio while reducing the shares reserved under the Amended Plan by a factor of 13.33, *i.e.*, to 3 million shares. On February 8, 2017, the Board granted a total of 1,093,450 stock options to the Individual Defendants under the Amended Plan (the "Challenged Awards").

C. On February 24, 2017, Plaintiff, a stockholder of the Company, filed a derivative and class action complaint in the United States District Court for the District of Delaware against the Defendants (the "Complaint"). Based on the events described in the preceding paragraph, the Complaint asserted (1) a derivative claim, brought on behalf of the Company, for breach of fiduciary duties against all Board Defendants,[2] (2) a derivative claim, purportedly brought on behalf of the Company, for unjust enrichment against all Officer Defendants, and (3) a direct claim, brought on behalf of the Plaintiff and the Class, for breach of fiduciary duties against all Board Defendants.

D. On April 17, 2017, Defendants moved to dismiss the Complaint pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure. After Defendants' motion was fully briefed, the Court heard oral argument on November 28, 2017. On November 30, 2017, the Court denied Defendants' motion to dismiss.

E. The Parties thereafter engaged in fact discovery, serving and responding to interrogatories and document requests. Defendants produced approximately 20,000 documents, which Plaintiff's counsel has reviewed.

F. During the discovery period, counsel for Plaintiff and Defendants engaged, on behalf of their clients, in good faith, arms' length negotiations concerning a possible resolution of

---

[2] Undefined capitalized terms have the same meaning as defined in the Verified Stockholder Derivative and Class Action Complaint filed on February 24, 2017 and in the parties' briefing on Defendants' motion to dismiss.

3

the Action, which culminated in an agreement in principle reached during the week of April 10, 2018, which agreement is memorialized in this Stipulation.

G. Plaintiff and Lead Counsel (defined below) have reviewed and analyzed the facts and circumstances relating to the claims asserted in this Action and believes that the claims asserted in the Action have merit. However, Plaintiff also believes that the Settlement set forth below provides substantial and immediate benefits for EnteroMedics and its stockholders. In addition to these substantial benefits, Plaintiff and his counsel have considered: (i) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (ii) the probability of success on the merits; (iii) the inherent problems of proof associated with, and possible defenses to, the claims asserted in the Action; (iv) the desirability of permitting the settlement to be consummated according to its terms; (v) the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals; and (vi) the conclusion of Plaintiff and Lead Counsel that the terms and conditions of the Stipulation are fair, reasonable, and adequate, and that it is in the best interests of EnteroMedics and its stockholders to settle the Action on the terms set forth herein.

H. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed as or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have asserted. Defendants expressly deny that Plaintiff has asserted a valid claim as to any of them and deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

I. Defendants, however, recognize the uncertainty and the risk inherent in any litigation, and the difficulties and substantial burdens, expense, and length of time that may be

necessary to defend this proceeding through the conclusion of discovery, summary judgment motions, trial, post-trial motions, and appeals. Defendants wish to eliminate the uncertainty, risk, burden, and expense of further litigation, and to permit the operation of the Company without further distraction and diversion of its directors and executive personnel with respect to the Action. Defendants have, therefore, determined to settle the Action on the terms and conditions set forth in this Stipulation and to put the Released Claims to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability, or damages.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES TO THIS STIPULATION, through their respective undersigned counsel of record, that subject to the approval of the Court under Rules 23(e) and 23.1 of the Federal Rules of Civil Procedure, all Released Claims shall be and hereby are compromised, settled, discontinued, and dismissed with prejudice as to all Released Persons upon the following terms and conditions:

**I.   DEFINITIONS**

1.1.   "Class" means a non-opt-out class for settlement purposes of all record holders and beneficial owners of common stock of EnteroMedics who held or owned such stock during the Class Period (defined below), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, legatees, devisees, assigns and transferees, immediate and remote, and any other person or entity acting for or on behalf of any of the foregoing. Excluded from the Class are Defendants and their immediate family, any entity in which any Defendant has a controlling interest, and any successors-in-interest thereto.

1.2.   "Class Period" means the period of November 3, 2016 through February 24, 2017, inclusive.

1.3. "Court" means the United States District Court for the District of Delaware.

1.4. "Effective Date" means the date that the Judgment, which approves in all material respects the releases provided for in this Stipulation and dismisses the Action with prejudice, becomes Final.

1.5. "Final" means no longer subject to review upon appeal or review in connection with a Petition for Writ of Certiorari or similar writ, whether by exhaustion of any possible appeal, lapse of time, or otherwise.

1.6. "Judgment" means the Order and Final Judgment entered by the Court, substantially in the form annexed hereto as Exhibit D.

1.7. "Notice" means the Notice of Pendency of Settlement of Action, substantially in the form annexed hereto as Exhibit B.

1.8. "Person" means a natural person, individual, corporation, partnership, limited partnership, limited liability partnership, limited liability company, association, joint venture, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, any business or legal entity, and any spouse, heir, legatee, executor, administrator, predecessor, successor, representative, or assign of any of the foregoing.

1.9. "Lead Counsel" means Purcell Julie & Lefkowitz LLP and Farnan LLP.

1.10. "Released Claims" means and includes any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured that any or all of the Releasing Parties ever had, now have, or may have against any or all Released Persons, whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule

(including, but not limited to, any claims under federal securities laws or state disclosure law or any claims that could be asserted derivatively on behalf of the Company), which have been, could have been, or in the future can or might be asserted in the Action or in any court, tribunal or proceeding, and which have arisen, could have arisen, arise now or hereafter arise out of, or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter related in any way to: (i) the Proxy or Challenged Awards; (ii) the fiduciary obligations of any of the Defendants or Released Persons in connection with the Proxy or Challenged Awards; (iii) the disclosures or disclosure obligations of any of the Defendants or Released Persons in connection with the Proxy or Challenged Awards; (iv) any alleged improper benefit to any individual in connection with the Challenged Awards; and (v) the allegations that were asserted or could have been asserted in the Action. Released Claims do not include claims to enforce the Settlement.

    1.11. "Releasing Parties" means Plaintiff and members of the Class.

    1.12. "Released Persons" means Defendants and/or their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, other advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns, whether or not any such person or entity was served or appeared in the Action.

    1.13. "Preliminary Approval Order" has the meaning ascribed to it in § 4.2, substantially in the form attached hereto as Exhibit C.

1.14.   "Settlement" means the settlement and the terms thereof contemplated by this Stipulation.

1.15.   "Settlement Hearing" means the hearing described more fully in § 4.2 to be held by the Court to determine whether the proposed Settlement should be approved as fair, reasonable, and adequate; whether to enter the Judgment; and whether to approve an award of attorneys' fees and expenses as set forth in § 3.

## II.   TERMS OF SETTLEMENT AND RELEASES

2.1.   In connection with the Settlement the following terms constitute the consideration for the releases set forth herein and dismissal with prejudice of the Action:

i.   The Company will rescind and cancel the Challenged Awards, *i.e.*, the 1,093,450 stock options issued to Defendants on or about February 8, 2017, with the exception of options that were already rescinded when certain individuals left the Company in the last fiscal quarter of 2017 (the "Rescission and Cancellation"). It is understood that the Company has made and will make from time to time additional grants of equity awards under the Amended Plan and/or other company equity compensation plans to current officers and directors (including the Individual Defendants) who hold Challenged Awards. Because of Nasdaq Stock Market rules, the Company intends to seek a stockholder vote at its 2019 annual meeting of stockholders on the Rescission and Cancellation and grant of additional equity awards to officers and directors.

ii.   The Company will amend the Second Amended and Restated 2003 Stock Incentive Plan to add a provision establishing the maximum total annual equity compensation for non-employee directors and will seek stockholder approval of this amendment at the Company's 2019 annual meeting of stockholders.

iii.   The Company agrees to seek proportional adjustments to all share reserves and limitations in the Plan (and any other equity compensation plan for the Company) in

connection with any future split of the Company's stock during the next five years unless otherwise brought to and approved by stockholder vote.

    iv.  Defendants release Plaintiff and Lead Counsel from all claims, complaints, liabilities, petitions, or sanctions arising out of the investigation, commencement, prosecution, settlement, or resolution of the Action; provided, however, that such release does not include a release of the right to enforce the Settlement.

  2.2.  The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all related claims as to any party to the Action or Person that could have been named in the Action.

  2.3.  Upon the Effective Date, Plaintiff (on his own behalf and derivatively on behalf of EnteroMedics), members of the Class (on their own behalf and claiming by, through, in the right of, derivatively, or on behalf of EnteroMedics), and EnteroMedics shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Persons from any and all of the Released Claims. Each and every EnteroMedics stockholder claiming derivatively on behalf of EnteroMedics will be bound by EnteroMedics's release of the Released Persons from any and all of the Released Claims.

  2.4.  Notwithstanding the release described above, nothing herein is intended to affect any rights with respect to past or future indemnification or advancement or payment of past or future legal fees and defense costs arising under and pursuant to any Released Person's respective indemnification agreements with EnteroMedics, EnteroMedics's Certificate of Incorporation or By-laws, applicable law, equity or other contract.

  2.5.  The release extends to claims that the Releasing Parties do not know or suspect to exist at the time of the release, which if known, might have affected the Releasing Parties' decision

to enter into the release. The Releasing Parties shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which states that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542. The Releasing Parties acknowledge that the Releasing Persons may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Releasing Parties to hereby completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims known or unknown, suspected or unsuspected, which now exist, heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts. Plaintiff acknowledges, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of this provision was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement.

2.6. Nothing herein shall in any way impair or restrict the rights of the Parties to enforce the terms of the Settlement pursuant to this Stipulation.

**III.** **ATTORNEYS' FEES AND EXPENSES**

3.1. In connection with this Action, Plaintiff may apply to the Court for an award of attorneys' fees and expenses, which, in the aggregate, shall not exceed $190,000. Defendants agree not to oppose any such application for an award of attorneys' fees and expenses that does not exceed that sum. Plaintiff may apply for an incentive award of $4,000, which will be paid out of the attorneys' fees award.

3.2. Within thirty (30) business days following the Effective Date, the Company shall cause to be paid to Plaintiff's Counsel 25% of the total amount of attorneys' fees and expenses awarded by the Court (the "First Installment"), with the remaining 75% to be paid to Plaintiff's Counsel in three equal installments, 30, 60, and 90 days, respectively, after the First Installment (collectively with the First Installment, the "Fee Award"); provided, however, that under no circumstances shall the Company or any Defendant be responsible for any Fee Award in excess of $190,000.

3.3. Payment of the Fee Award shall constitute full satisfaction of any obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Action incurred by any attorney on behalf of Plaintiff and shall relieve Defendants of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of Plaintiff.

3.4. Court approval of the Stipulation is not in any way conditioned on Court approval of any fee and expense application. Disallowance by the Court of any application for attorneys' fees and expenses (or any portion thereof), any appeal from any order relating thereto, and any modification or reversal on appeal of any such order, shall not operate to terminate or cancel the Stipulation or affect its other terms, including the releases set forth herein, or affect or delay the finality of the Judgment approving the Stipulation.

3.5.     Neither Plaintiff nor any member of the Class shall have any right to terminate or withdraw from the Settlement by reason of any order or other proceeding (including, without limitation, any appeals) relating to any application by Plaintiff for attorneys' fees and expenses or any incentive award to Plaintiff.

IV.     **COURT APPROVAL**

4.1.     For purposes of settlement only, the parties agree that the Action shall be conditionally certified and maintained as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of the Class subject to final entry of Judgment. In the event that the Settlement does not become final for any reason, Defendants reserve the right to oppose certification of any class in any future proceedings.

4.2.     Promptly after execution of this Stipulation, Lead Counsel and Defendants' Counsel shall: (1) take all steps necessary to stay the Action pending further order of the Court; (2) jointly apply to the Court for entry of a Preliminary Approval Order in the form attached hereto as Exhibit C, providing for, among other things: (a) preliminary approval of the Settlement of the Action embodied in the Stipulation; (b) the dissemination of the Notice by EnteroMedics to the members of the Class with EnteroMedics paying all costs and expenses incurred, substantially in the form attached hereto as Exhibit B; and (c) the scheduling of the Settlement Hearing to consider: (i) whether the proposed Settlement is fair, reasonable and adequate, and directing consummation pursuant to its terms, (ii) whether to issue an order releasing the claims as provided for in § 2 of this Stipulation, (iii) the joint request of the Parties that the Judgment be entered in all material respects, substantially in the form attached hereto as Exhibit D, (iv) Plaintiff's application for an award of attorneys' fees and expenses, and (v) any objections to any of the foregoing.  The Parties shall jointly request at the Settlement Hearing that the Judgment be entered, and shall take all

reasonable and appropriate steps to obtain final entry of the Judgment in all material respects, substantially in the form attached hereto as Exhibit D.

V. **STANDSTILL AGREEMENT**

5.1. Pending Court approval of this Stipulation and entry of the Judgment, the Parties agree to stay any and all proceedings in the Action other than those incident to the Settlement.

5.2. Pending final determination of whether the Stipulation should be approved, all Parties to the Action agree not to institute, commence, prosecute, continue, or in any way participate in, whether directly or indirectly, representatively, individually, derivatively on behalf of EnteroMedics, or in any other capacity, any action or other proceeding asserting any Released Claims.

5.3. However, nothing herein shall in any way impair or restrict the rights of any Party to defend this Stipulation or to otherwise respond in the event any Person objects to the Stipulation, the proposed Judgment to be entered, and/or the attorneys' fee and expense application.

5.4. In the event the Stipulation does not become Final or no Effective Date occurs, for any reason, the Parties will be placed in the positions they held prior to the execution of this Stipulation, and they will retain all their rights to pursue claims and defenses without prejudice, and all obligations under this Stipulation will become null and void.

VI. **TERMINATION OF SETTLEMENT; EFFECT OF TERMINATION**

6.1. Plaintiff and Defendants shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to each other within ten (10) business days of: (1) the Court's declining to enter the Preliminary Approval Order in any material respect, substantially in the form attached hereto as Exhibit C, without leave to refile; (2) the Court's declining to enter the Judgment in any material respect, substantially in the form attached hereto as Exhibit D, without leave to refile; or (3) the Court's entry of the Judgment but on or

following appellate review, remand, collateral attack or other proceeding, the Judgment is modified or reversed in any material respect. In addition, all Defendants have the waivable right to withdraw from the Settlement in the event that any claim related to the Released Claims is commenced or prosecuted against any of the Defendants in any court before final approval of the Settlement and (following a motion by Defendants) any such claim is not dismissed with prejudice or stayed in contemplation of dismissal with prejudice. If the Settlement is terminated for any of the aforementioned reasons, this Stipulation shall not be deemed to prejudice in any way the respective positions of the parties with respect to any further litigation proceedings. Neither a modification nor a reversal on appeal of the amount of any attorneys' fees and expenses awarded by the Court shall be deemed a material modification of the Judgment or this Stipulation.

### VII.  MISCELLANEOUS PROVISIONS

7.1.  This Stipulation reflects the compromise and settlement of claims which are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense.

7.2.  All of the Exhibits attached hereto are material and integral parts hereof and shall be incorporated by reference as though fully set forth herein.

7.3.  This Stipulation may not be amended or modified, nor may any of its provisions be waived, except by a written instrument signed by counsel for Plaintiff and Defendants or their successors-in-interest.

7.4.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

7.5.  Plaintiff, Class Members, Defendants, and Released Persons agree not to assert, whether or not for attribution, that the Action was brought or prosecuted by Plaintiff or defended by Defendants in bad faith. Plaintiff and Defendants represent and agree that the terms of the

Settlement were negotiated at arms' length and in good faith and reflect a Settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

7.6. If, before entry of the Judgment by the Court, any action was or is filed in any court asserting claims that are related to the subject matter of the Action, then the Parties agree to use their best efforts to prevent, stay, seek dismissal of, or oppose entry of any interim or final relief in any other litigation against any of the Parties that challenges the Settlement or otherwise involves a Released Claim.

7.7. The consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of implementation, enforcement, and interpretation of the terms of this Stipulation.

7.8. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

7.9. This Stipulation embodies and represents the full agreement of the Parties and supersedes any and all prior agreements and understandings relating to the subject matter hereof between or among any of the Parties hereto. This Stipulation shall not be modified or amended, nor shall any provision of this Stipulation be deemed waived, unless such modification, amendment, or waiver is in writing and executed by or on behalf of the Parties. The waiver by Plaintiff or Defendants of any breach of this Stipulation shall not be deemed a waiver of any other prior or subsequent breach of any provision of this Stipulation.

7.10. This Stipulation and the Exhibits constitute the entire agreement between Plaintiff, on the one hand, and Defendants, on the other hand, and supersede any prior agreements among Plaintiff, on the one hand, and Defendants, on the other hand, with respect to the Settlement. No

representations, warranties, or inducements have been made to or relied upon by any Party concerning this Stipulation or its Exhibits, other than the representations, warranties and covenants expressly set forth in such documents.

7.11. This Stipulation may be executed in one or more counterparts, including by facsimile and electronic mail. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

7.12. Each counsel signing this Stipulation represents and warrants that such counsel has been duly empowered and authorized to sign this Stipulation on behalf of his or her clients.

7.13. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arms' length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

7.14. This Stipulation shall bind and inure to the benefit of the current and former parents, subsidiaries, predecessors, successors, partners (limited and general), agents, representatives, heirs, and assigns of the Parties, and shall inure to the benefit of all of the Released Persons, Plaintiffs, and members of the Class.

7.15. This Stipulation, the Settlement, and any and all disputes arising out of or relating in any way to this Stipulation or Settlement, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to conflicts of law principles. The Parties agree that any dispute arising out of or relating in any way to the Stipulation or the Settlement shall not be litigated or otherwise pursued in any venue

other than the Court and the Parties expressly waive any right to demand a jury trial as to such dispute.

7.16. Plaintiff and Lead Counsel represent and warrant that none of the claims referred to in this Stipulation or that could have been alleged in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

**IN WITNESS WHEREOF, IT IS HEREBY AGREED** by the undersigned as of the date noted above.

Dated: August 13, 2018                     Respectfully submitted,

                                           FARNAN LLP

                                           /s/ Brian E. Farnan
PURCELL JULIE & LEFKOWITZ LLP              Brian E. Farnan (Bar No. 4089)
Steven J. Purcell                          Michael J. Farnan (Bar No. 5165)
708 Third Avenue, 6th Floor                919 North Market Street, 12th Floor
New York, New York 10017                   Wilmington, Delaware 19801
(212) 725-1000                             (302) 777-0300
spurcell@pjlfirm.com                       bfarnan@farnanlaw.com
                                           mfarnan@farnanlaw.com

*Attorneys for Plaintiff*
                                           *Attorneys for Plaintiff*

                                           DORSEY & WHITNEY (DELAWARE) LLP

                                           /s/ Alessandra Glorioso
                                           Eric Lopez Schnabel (DE Bar No. 3672)
                                           Robert W. Mallard (DE Bar No. 4279)
                                           Alessandra Glorioso (DE Bar No. 5757)
                                           300 Delaware Avenue, Suite 1010
                                           Wilmington, DE 19801
                                           Tel: (302) 425-7171
                                           schnabel.eric@dorsey.com
                                           mallard.robert@dorsey.com
                                           glorioso.alessandra@dorsey.com

                                           *Attorneys for Defendants*